IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | Case No. 4:23-CR-225 |
| | § | Judge Mazzant |
| KYLE CARTER | § | |

## <u>UNITED STATES' MOTIONS IN LIMINE</u>

The United States of America requests that this Court, before the beginning of evidence, direct the parties not to mention, refer to, interrogate concerning, or bring to the attention of the jury in any manner, including during jury selection, opening statements, closing argument, or witness examinations—directly or indirectly—any of the below listed matters without first approaching the bench and obtaining a ruling on their admissibility. The specific matters are as follows:

**1)** <u>**Impeachment of a witness with a statement that witness has neither written nor adopted as his or her own**</u>

The *Jencks* Act at 18 U.S.C. § 3500 requires the government to furnish the defense with any statement made by a government witness which has been adopted or approved by the witness and which relates to his testimony at trial.  The Congressional policy behind the *Jencks* Act was to protect witnesses from being impeached with words that are not their own, or are an incomplete version of their testimony. *Palermo v. United States*, 360 U.S. 343 (1957).

Statements made by a witness and summarized by a third person can be *Jencks* material but only if the witness has signed or otherwise adopted or approved them. *United*

*States v. Newman*, 849 F.2d 156 (5th Cir. 1988) (citing *Campbell v. United States*, 365 U.S. 85 (1961)).  Adoption or approval requires either that the agent read the entire statement to the witness or that the witness read the statement.  Then the witness must manifest his or her assent by either signing or otherwise approving the statement.  *Newman* at 160.

In this case, the agents interviewed the witnesses, took notes, and drafted summaries of the interviews.  However, unless it is specifically noted in an FBI 302, the witnesses have not adopted or approved of the statements.  Consequently, the agents' notes and reports are not the statements of the witnesses and cannot be used to impeach the witness.

**2)**     **Discussion of the victim insurance company's negligence**

The defendant's intent and alleged criminal conduct—not the insurance companies' negligence or lack of diligence—are at issue in this case.  It is improper under Fed. R. Evid. 403 to argue, suggest, or blame the defendant's conduct on the victim company's negligence, as it both confuses the issues and misleads the jury.  Furthermore, the Fifth Circuit has expressly held that a victim's negligence is no defense to criminal conduct. *United States v. Kreimer*, 609 F.2d 126, 132 (5th Cir. 1980) ("The victim's negligence is not a defense to criminal conduct. The truth about virtually every scheme to defraud could be obtained if the gull were clever and diligent enough. The truly careful are, perhaps, never defrauded because they are not deceived by the artifice. The laws protecting against fraud are most needed to protect the careless and the naive from lupine predators, and they are designed for that purpose.") (internal citations omitted); *Blachly v. United States*, 380 F.2d 665, 672 n. 13 (5th Cir.1967) ("[T] the monumental credulity of the victim is no shield for the accused.") (internal citations omitted).

**3)**     <u>Discussion of related civil lawsuits or civil or administrative remedies</u>

Related civil lawsuits, regardless of their outcome, are irrelevant to the current federal criminal proceedings. Similarly, any suggestion that the insurance companies or a medical board may have or could have pursued civil or administrative action against the defendant has no bearing on this case. Raising the issue of or arguing about the potential availability of civil remedies is an improper call for jury nullification (see below). Furthermore, the existence of such remedies has no bearing on the elements of conspiracy to commit wire fraud, and should be excluded under Fed. R. Evid. 401 and 403.

**4)**     <u>Any statement or argument calling overtly or tacitly for jury nullification</u>

Jury nullification is not a legally sanctioned function of the jury, and counsel is not permitted to present the concept of jury nullification to the jury, let alone encourage it. *See, e.g., United States v. Perez*, 86 F.3d 735, 736 (7th Cir. 1996) (holding that "defendant has no right to invite the jury to act lawlessly"). This prohibition includes any statement encouraging the jury not to follow the law or the Court's instructions. This includes, but is not limited to, the following topics:

    a.     Any discussion of nullification or invitation to contravene the law or this Court's instructions related to conspiracy or wire fraud.

    b.     Any testimony regarding the effect of these proceedings upon defendant's families or any appeal for pity for the defendant or his family.

    c.     Any argument, questioning, or discussion of the propriety of the government's charges in this case or the return of the indictments by the Grand Jury.

**5)**     <u>**Prohibited hearsay testimony**</u>

Additionally, counsel is barred by the rule against hearsay from eliciting testimony about what was told to a witness by someone else unless an exception to the hearsay rule applies.  *See* Rule 801.  For example, defense counsel is generally barred from eliciting from a witness what a defendant said to them.  This would be an out of court statement by someone other than the witness offered to prove the truth of the matter asserted.  Rule 801(c).

However, under the party opponent exception to the hearsay rule (Rule 801(d)(2)(A)) the government *is* permitted to elicit this *same* testimony from the witness, because in this context it is being offered "against an opposing party."  *Id*.

**6)**     <u>**Raising an advice-of-counsel defense without notice or providing discovery**</u>

To date, the defense has not presented any discovery to the government or suggested that it is relying on any advice-of-counsel defense.  Until it does so, the Court should disallow any testimony or evidence that the defendant engaged or involved counsel in the matters at issue in the case, including but not limited to, any assertion by counsel or defendant of a defendant's good-faith reliance on advice of counsel; or any assertions by counsel or defendants that they acted in good faith because of their reliance on counsel, or on another co-conspirator's counsel, and therefore did not willfully join the conspiracy.

Prior to making such claims, the defendant must provide to the government all evidence pertaining to that advice, including the names of the attorneys on whose advice defendant relied, all statements of those attorneys and summaries of interviews with those attorneys, all correspondence and communications directed to those attorneys concerning

the subject matters at issue, all other facts relied upon by the attorneys when formulating the advice given, all communications containing the advice from counsel, and any other materials which tend to prove or disprove the advice-of-counsel defense, as well as provide access to such attorneys in order that the government may interview them concerning their representation and advice.

**7)**   **Probing into privileged communications**

It would be highly inappropriate to question any government witness concerning the substance of privileged communications.  It is "the duty of every lawyer to bring to the attention of the trial court possible ethical problems in the case." *United States v. White*, 743 F.2d 488, 494 (7th Cir. 1984).  The ethical duty at issue is Texas Disciplinary Rule of Professional Conduct 4.04(a): "In representing a client, a lawyer shall not . . . use methods of obtaining evidence that violate the legal rights of such a [third] person." Tex. R. Disc. Prof'l. Cond. 4.04(a).  This Texas rule derives its language from the ABA's Model Rule of Professional Conduct 4.4.  *See* Model Rules of Prof'l Conduct R. 4.4 cmt 1.  The first comment to the ABA Model Rule explains,

> Responsibility to a client requires a lawyer to subordinate the interests of others to those of the client, but that responsibility does not imply that a lawyer may disregard the rights of third persons.  It is impractical to catalogue all such rights, but they include legal restrictions on methods of obtaining evidence from third persons **and unwarranted intrusions into privileged relationships, such as the client-lawyer relationship**.

*Id*. (emphasis added).

**8)** __Counsel's personal beliefs__

Counsel for all parties should be barred from mentioning their ***personal*** belief or opinion regarding anything related to this case or trial, including, but not limited to, any of the following:  the innocence or guilt of the defendant; the United States' prosecutorial determinations; the credibility of the defendant; the credibility of any witnesses presented during the trial; the evidence the parties present; and outcomes in other matters.

**9)** __Commenting on the government's lawyers__

Any statement, question, or argument that directly or indirectly intimates that the Assistant United States Attorney(s) for the Eastern District of Texas control(s) the outcome of any case presented to the Grand Jury, including this case or the scheduling of any trial dates or dockets for any case, is inappropriate.  Similarly, any statement accusing the Assistant United States Attorney(s) of prosecutorial misconduct, discovery violations, ethical violations, or any violation of federal or state law should be prohibited.

**10)** __Commenting on prosecutorial discretion and status of individuals in__
__government's investigation__

Defendant should not be allowed to argue or otherwise comment that other people, who are witnesses and others who are not witnesses, and who may have been subjects or targets of the investigation or whose names may come up in testimony or evidence, were not or are not currently charged with a crime.  The Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case. *Confiscation Cases*, 74 U.S. 454, 458-59 (1869); *United States v. Nixon*, 418 U.S. 683, 693 (1974). "By both tradition and constitutional mandate, the jury is given the responsibility of determining

guilt or innocence according to instructions of law delivered by the court." *United States v. Berrigan*, 482 F.2d 171, 175 (3rd Cir. 1973). Accordingly, charging decisions are matters of prosecutorial discretions that are not relevant to or probative of the guilt or innocence of a defendant and reside outside the province of the jury.

Further, Defendant should not inquire into whether the government has advised a witness that he or she is an unindicted coconspirator.  This line of questioning is not appropriate in the presence of the jury, delves into irrelevant, inadmissible hearsay concerning a charging decision, and is meant to intimidate a witness.  The Court is the appropriate party to inquire whether a witness is represented and to determine whether an unrepresented party requires stand-by counsel.

**11)** <u>**Calls for sympathy**</u>

Any action or statement to elicit pity or sympathy for defendant through their families, children, partners, or friends, or any statement regarding the effects on the defendant's family, children, partners, or friends caused by this prosecution or possible convictions is improper and should be prohibited.

**12)** <u>**Defendant's family and children**</u>

Testimony or evidence about the defendant's children or family is irrelevant and should be prohibited, unless the proponent can articulate a relevant and admissible basis to introduce such evidence.

**13)** <u>**Prison conditions**</u>

Conditions in federal prisons or prison camps are irrelevant and their mention should be prohibited.

**14)** <u>**Sentence or punishment**</u>

Any reference to punishment or sentence the defendant may face should be prohibited. "Punishment is a matter exclusively within the province of the court and is not to be considered by the jury in arriving at an impartial verdict." *Rogers v. U.S.*, 422 U.S. 35, 40 n. 2 (1975) (citation omitted). For the same reasons, Defendant should not reference the potential ramifications of a conviction on Defendant's medical license, his medical practice and employees, or his ability to work.

**15)** <u>**Convictions or pending charges**</u>

To the extent relevant, the United States will make every attempt to bring out on direct examination a witness' criminal convictions or pending charges that could properly be used for impeachment. If the defense believes that there are additional convictions or pending charges that may be used for impeachment, the United States hereby requests that those additional convictions or pending charges be covered by this *Motion in Limine* and be brought to the attention of the Court and parties beforehand.

**16)** <u>**Conduct of a witness outside Rule 609 and other bad acts**</u>

Any specific instances of conduct of a witness for the purpose of attacking or supporting his/her credibility should be prohibited, other than a conviction of a crime as

permitted in Fed. R. Evid. 609.  Evidence should be barred regarding any prior bad acts any witness may have committed not resulting in a conviction or pending charge.

**17)** **Previous rulings from this Court**

Without the express permission of the Court, evidence should be prohibited regarding any prior rulings by the Court, including, but not limited to, bond hearings, discovery motions, or other pretrial matters.

**18)** **Unrelated government misconduct, perceived or otherwise**

Any government misconduct not related to this case, alleged or otherwise, is inappropriate for this trial.  This includes any reference to current or former Presidents, FBI agents, or other public officials or issues.  Such irrelevant comments are inappropriate under Rules 401, 402, and 403.

**19)** **Plea Offers and Negotiations with Counsel**

It is improper for the jury to hear or consider any information relating to plea offers for the defendant.  The nature of the offer made to the defendant is irrelevant under Rule 401, as they have no material bearing on a fact pertaining to the elements of the charged offenses.  Moreover, for the jury to hear about plea offers would also "confuse the issues" under Rule 403, in addition to expressly delving into a matter reserved for the Court— punishment.  *See Rogers v. U.S.*, 422 U.S. 35, 40 n. 2 (1975) (citation omitted).

**20)** **Prior "good" behavior of the defendant and unapproved reputation and character testimony of the defendant**

Reputation/character evidence pertaining to the defendant should be limited in the following ways: (1)  the character trait at issue must be pertinent to the crimes charged in

the Indictment; (2) the defendant may not prove his character through specific acts of good conduct, only through reputation and/or opinion testimony; and (3) the trial court may limit the number of character witnesses a defendant may call.

### a.  Character trait must be relevant

Before offering character evidence, a defendant must show that the evidence is relevant to the crimes charged in the indictment.   Under Federal Rule of Evidence 404(a)(1), a defendant may elect to offer evidence of "a pertinent trait of character."  The trait of character that the defendant is seeking to prove must be "pertinent" to the crimes charged in the indictment.   In Rule 404(a)(1), "pertinent" is "read as synonymous with 'relevant'." *United States v. Angelini*, 678 F.2d 380, 381(1st Cir. 1982).

Courts have recognized that defendants may not introduce "good" character traits that are not relevant to the crimes charged.  For instance, the First Circuit held that the traits of bravery, attention to duties as a police officer, and community spirit were not relevant in the prosecution of a police officer for mail fraud and perjury. *United States v. Nazzaro*, 889 F.2d, 1158, 1168 (1st Cir. 1989).  Similarly, the Second Circuit held that evidence that the defendant's son suffered from cerebral palsy and that the defendant would never do anything to risk disabling himself from caring for the boy properly was not relevant in a RICO prosecution. *United States v. Paccione*, 949 F.2d 1183, 1201 (2nd Cir. 1991).

However, if the defendant testifies, his character for truthfulness would be pertinent regardless of the crime charged. *United States v. Darland*, 626 F.2d 1235, 1237 (5th Cir. 1980).  But even where the defendant does not testify, the defendant's character for

truthfulness would be pertinent in a prosecution for a crime involving deceit or falsification.  *Id*. at 1237.

Finally, it should be noted that Courts have held evidence of the general character trait of "law abiding" is pertinent no matter what crime is charged in the indictment. *Angelini*, 678 F.2d at 381-82; *United States v. Hewitt*, 634 F.2d 277, 279-80 (5th Cir. 1981).

### b.  *Relevant character evidence must be in the form of opinion and/or reputation testimony.*

Once the defendant has established that the character trait he seeks to prove is relevant, the defendant may then prove the character trait only through reputation and/ or opinion evidence.  Fed. R. Evid. 405.  A defendant may introduce specific instances of conduct **only** in cases where character or trait of character "is an **essential** element of a charge, claim or defense." Fed. R. Evid. 405(b) (emphasis added).  Here, traits such as Carter's generosity as an employer, compassion for his wife, children, or parents, or even his capabilities as a doctor or past work with patients are not tangentially related to the elements of the conspiracy to commit wire fraud, let alone essential.

As the Advisory Committee Notes explain (Fed. R. Evid. 405 Advisory Committee Notes (1972)): "the rule confines the use of evidence of [specific instances of conduct] to cases in which character is, in the strict sense, in issue and hence deserving of a searching inquiry.  When character is used circumstantially and hence occupies a lesser status in the case, proof may be only by reputation and opinion."  Here, specific good deeds, such as the defendant's' care for his patients or donations to charity or religious groups cannot be introduced.  Such acts are wholly irrelevant to the charged crimes and cannot be used by

the defendant to disprove the knowledge or intent elements of crimes. *United States v. Marrero*, 904 F.2d 251 (5th Cir. 1990); *United States v. Doyle*, 130 F.3d 523, 542 (2nd Cir. 1997); *United States v. Camejo*, 929 F.2d 610, 612 (11th Cir. 1991) ("Evidence of good conduct is not admissible to negate criminal intent....[The witnesses'] proffered testimony was merely an attempt to portray [the defendant] as a good character through the use of prior 'good acts.' The trial judge properly exercised his discretion in excluding this testimony as inadmissible character evidence."); *see United States v. Hill*, 40 F. 3d 164, 169 (7th Cir. 1994) (concluding that the defendant's failure to steal "test letters" was not probative of a character trait for law-abidingness in a case involving theft of mail by a postal employee).

### c.   *Limitation of the number of character witnesses*

If the defendant shows that the character trait he seeks to prove is relevant and is using the proper means to prove the trait (opinion and/or reputation testimony), the final consideration is the number of character witnesses the trial court will allow. The trial court has discretion to limit the number of character witnesses. *Michelson v. United States*, 335 U.S. 469, 480 (1948). Appellate courts have found no error when a trial court has limited the number of a defendant's character witnesses. *United States v. Scholl*, 166 F.3d at 972 (three witnesses); *United States v. Johnson,* 730 F.2d 683, 688 (11th Cir. 1984) (three witnesses); *United States v. Koessel*, 706 F.2d 271, 275 (8th Cir. 1983) (three witnesses); *United States v. Henry,* 560 F.2d 963, 965 (9th Cir. 1977) (two witnesses).

**21)** **<u>Conflating rules, regulations, and laws related to the practice of medicine with rules, regulations, and laws related to the billing of health care services</u>**

Defendant should not conflate representations, rules, regulations, and laws related to the practice of medicine or provision of health care services with representations, rules, regulations, and laws related to the billing of health care services. Eliciting testimony or arguing in contravention of this motion in limine is irrelevant, confuses the issues, and would violate Rules 401, 402, and 403.

**22)** **<u>Eliciting legal conclusion testimony from witnesses regarding their role in the charged conspiracy</u>**

Defendant should not elicit testimony from witnesses calling for a legal conclusion about whether they conspired with Defendant or whether they were engaged in a conspiracy. At the conclusion of trial, the Court will instruct the jury on the law and on the legal definition of a conspiracy. Asking witnesses to testify whether they meet the legal test for conspiracy calls for a legal conclusion in violation of Rule 701 and Rule 702, invades the province of both the Court and jury, is misleading to the jury, and confuses the issues.

Respectfully submitted,

DAMIEN M. DIGGS
United States Attorney
Eastern District of Texas

*/s/ Adrian Garcia*
ADRIAN GARCIA
Assistant U.S. Attorney

Texas State Bar No. 24084522
E-mail: Adrian.Garcia@usdoj.gov

*/s/ Anand Varadarajan*
ANAND VARADARAJAN
Assistant United States Attorney
Texas State Bar No. 24088576
Email:  anand.varadarajan@usdoj.gov

*/s/ G.R. Jackson*
G.R. JACKSON
Assistant United States Attorney
Texas State Bar No. 00784874
Email: GRoque-Jackson@usdoj.gov

101 East Park Boulevard, Suite 500
Plano, Texas 75074
972-509-1201
Fax: 972-509-1209

## CERTIFICATE OF CONFERENCE

The government conferred with counsel for the defendant, who indicated that they would file a separate response explaining their position.

*/s/ Adrian Garcia*
ADRIAN GARCIA