IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| V.                          § | Case No. 4:23-CR-225 |
| § | Judge Mazzant |
| KYLE CARTER              § | |

### UNITED STATES' TRIAL BRIEF REGARDING WITHDRAWAL DEFENSE

The United States of America, by and through the undersigned Assistant United States Attorney, hereby submits this Trial Brief Regarding Withdrawal Defense (the "Trial Brief") to aid the Court in its analysis and determination of issues related to the withdrawal defense.

### WITHDRAWAL AFFIRMATIVE DEFENSE

A. **Essential Elements of the Charges Against Carter**

Carter is charged with conspiring to commit wire fraud, in violation of 18 U.S.C. § 1349. Indictment ¶ 10–23, ECF No. 1. To prove Carter is guilty, the United States must show:

> (1) two or more persons made an agreement to commit wire fraud; (2) the defendant knew the unlawful purpose of the agreement; and (3) the defendant joined in the agreement willfully, *i.e.,* with specific intent.

*United States v. Kuhrt*, 788 F.3d 403, 414 (5th Cir. 2015); *see* 18 U.S.C. § 1349. The United States need not prove that the alleged conspirators entered into any formal agreement, or that they directly stated between themselves all the details of the scheme. *See generally* PATTERN JURY INSTRUCTIONS: FIFTH CIRCUIT (CRIMINAL) § 2.15A (citing *Ocasio v. United States*, 136 S. Ct. 1423, 1429 (2016)). Nor does the United States need to prove that a member of the conspiracy knew all the details of the unlawful scheme. *Id*. Moreover, unlike some other conspiracy statutes, conspiracy to commit wire fraud does not require proof of an overt act.

*United States v. Pascacio-Rodriguez*, 749 F.3d 353, 364 (5th Cir. 2014); *United States v. Sanjar*, 876 F.3d 725, 737 (5th Cir. 2017).

Further, the Supreme Court has specifically stated that the government "need not allege the time of the offense in the indictment," and that "commission of the crime within the statute-of-limitations period is not an element of the conspiracy offense." *Smith v. United States*, 568 U.S. 106, 112 (2013). Moreover, because a conspiracy is a continuing offense, a co-conspirator continues to be liable for the acts of his co-conspirators so long as the conspiracy has not ended. *See United States v. Tavarez-Levario*, 788 F.3d 433, 439 (5th Cir. 2015) ("The prototypical continuing offense is conspiracy, which continues as long as the conspirators engage in overt acts in furtherance of their plot . . . .").

B. **Withdrawal Affirmative Defense**

Withdrawal from a conspiracy is an affirmative defense for which the defendant bears the burden of proof. *See e.g., Smith v. United States*, 568 U.S. 106, 112 (2013) (holding withdrawal from a conspiracy is an affirmative defense, for which the defendant bears the burden of proof); *United States v. Hoffman*, 901 F.3d 523, 544 (5th Cir. 2018); PATTERN JURY INSTRUCTIONS: FIFTH CIRCUIT (CRIMINAL) § 2.18.

> [A] defendant is presumed to continue his involvement in a conspiracy unless he makes a substantial affirmative showing of 'withdrawal, abandonment, or defeat of the conspiratorial purpose.' In order to show withdrawal, 'the defendant must show that he has committed affirmative acts inconsistent with the object of the conspiracy that are communicated in a manner reasonably calculated to reach conspirators.' Mere cessation of activity in furtherance of the conspiracy is not sufficient to show withdrawal.

*United States v. Heard*, 709 F.3d 413, 428 (5th Cir. 2013).

"Upon joining a criminal conspiracy, a defendant's membership in the ongoing unlawful scheme continues until he withdraws. A defendant who withdraws outside the relevant statute-

2

of-limitations period has a complete defense to prosecution." *Smith*, 568 U.S. 106, 107 (2013). Withdrawal does not negate any element of the charged conspiracy, instead, it "presupposes that the defendant committed the offense." *Id*. at 110–11. For there to be a complete defense to liability, the withdrawal must occur beyond the applicable statute-of-limitations period. *Id*. at 111. In other words, if the conspiracy continued into the statute-of-limitations period, the withdrawal defense has no effect and is not available.

Here, the applicable statute of limitations period begins October 11, 2018. The purported withdrawal alleged by Carter is in November 2018. Thus, because the purported withdrawal is not beyond the statute of limitations period, the withdrawal defense has no effect and is not available to Carter.

Respectfully submitted,

DAMIEN M. DIGGS
United States Attorney
Eastern District of Texas

*/s/ Adrian Garcia*
ADRIAN GARCIA
Assistant U.S. Attorney
Texas State Bar No. 24084522
Email: Adrian.Garcia@usdoj.gov

*/s/ Anand Varadarajan*
ANAND VARADARAJAN
Assistant United States Attorney
Texas State Bar No. 24088576
Email: anand.varadarajan@usdoj.gov

*/s/ G.R. Jackson*
G.R. JACKSON
Assistant United States Attorney
Texas State Bar No. 00784874
Email: GRoque-Jackson@usdoj.gov

                                            101 East Park Boulevard, Suite 500
                                            Plano, Texas 75074
                                            972-509-1201
                                            Fax: 972-509-1209