# United States District Court

### EASTERN DISTRICT OF TEXAS
#### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 4:23-cr-225 |
| | § | Judge Mazzant |
| KYLE CARTER | § | |
| | § | |
| | § | |

## <u>COURT'S INSTRUCTIONS TO THE JURY</u>

**Members of the Jury**:

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about the burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

## DUTY TO FOLLOW INSTRUCTIONS

You, as jurors, are the judges of the facts. But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely on the evidence, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

### PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT

The Indictment or formal charge against a Defendant is not evidence of guilt. Indeed, the Defendant is presumed by the law to be innocent. The Defendant begins with a clean slate. The law does not require a Defendant to prove his innocence or produce any evidence at all.

The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit that Defendant. While the Government's burden of proof is a strict or heavy burden, it is not necessary that a Defendant's guilt be proved beyond all possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act on it without hesitation in making the most important decisions of your own affairs.

## EVIDENCE—EXCLUDING WHAT IS NOT EVIDENCE

As I told you earlier, it is your duty to determine the facts. To do so, you must consider only the evidence presented during the trial. Evidence is the sworn testimony of the witnesses, including stipulations, and the exhibits. The questions, statements, objections, and arguments made by the lawyers are not evidence.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding on you.

During the trial I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Also, certain testimony or other evidence has been ordered removed from the record and you have been instructed to disregard this evidence. Do not consider any testimony or other evidence which has been removed from your consideration in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on

the law, you should disregard anything I may have said during the trial in arriving at your own

verdict.

## EVIDENCE—INFERENCES—DIRECT AND CIRCUMSTANTIAL

In considering the evidence, you are permitted to draw such reasonable inferences

from the testimony and exhibits as you feel are justified in the light of common experience.

In other words, you may make deductions and reach conclusions that reason and common

sense lead you to draw from the facts which have been established by the evidence.

Do not be concerned about whether evidence is "direct evidence" or "circumstantial

evidence." You should consider and weigh all of the evidence that was presented to you.

"Direct evidence" is the testimony of one who asserts actual knowledge of a fact,

such as an eye witness. "Circumstantial evidence" is proof of a chain of events and

circumstances indicating that something is or is not a fact.

The law makes no distinction between the weight to be given either direct or

circumstantial evidence. But the law requires that you, after weighing all of the evidence,

whether direct or circumstantial, be convinced of the guilt of a Defendant beyond a

reasonable doubt before you can find him guilty.

## CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the Government has proved the

guilt of the Defendant beyond a reasonable doubt. In doing so, you must consider all of the

evidence. This does not mean, however, that you must accept all of the evidence as true or

accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the Government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

You are required to evaluate the testimony of a law enforcement officer or federal agent as you would the testimony of any other witness. No special weight may be given to his or her testimony because he or she is a law enforcement officer or federal agent.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point. You will always bear in mind that the law

never imposes upon a Defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

## "ON OR ABOUT"

You will note that the Indictment charges that the offense was committed on or about a specified date. The Government does not have to prove that the crime was committed on that exact date, so long as the Government proves beyond a reasonable doubt that the Defendant committed the crime on a date reasonably near April 2014, and continuously thereafter up through and including 2018, as stated in the Indictment.

## SIMILAR ACTS

You have heard evidence of acts of a Defendant(s) which may be similar to those charged in the Indictment, but which were committed on other occasions. You must not consider any of this evidence in deciding if the Defendant committed the acts charged in the Indictment. However, you may consider this evidence for other, very limited, purposes.

If you find beyond a reasonable doubt from other evidence in this case that the Defendant did commit the acts charged in the Indictment, then you may consider evidence of the similar acts allegedly committed on other occasions to determine:

Whether the Defendant had the state of mind or intent necessary to commit the crime charged in the Indictment;

**or**

Whether the Defendant had knowledge of the acts charged in the Indictment;

**or**

Whether the Defendant committed the acts for which he is on trial by accident or mistake.

The are the limited purposes for which any evidence of other similar acts may be considered.

## IDENTIFICATION TESTIMONY

In any criminal case the Government must prove not only the essential elements of the offense or offenses charged, as hereafter defined, but must also prove, beyond a reasonable doubt, the identity of a Defendant as the perpetrator of the alleged offense.

In evaluating the identification testimony of a witness, you should consider all of the factors already mentioned concerning your assessment of the credibility of any witness in general and should also consider whether the witness had an adequate opportunity to observe the person in question at the time or times about which the witness testified. You may consider all matters, including the length of time the witness had to observe the person in question, the prevailing conditions at that time in terms of visibility or distance and the like, and whether the witness had known or observed the person at earlier times.

You may also consider the circumstances surrounding the identification itself including, for example, the manner in which the Defendant was presented to the witness for identification, and the length of time that elapsed between the incident in question and the next opportunity the witness had to observe the Defendant.

If, after examining all of the testimony and evidence in the case, you have a reasonable doubt as to the identity of a Defendant as the perpetrator of the offense charged, you must find that Defendant not guilty.

## CAUTION—CONSIDER ONLY CRIME CHARGED

You are here to decide whether the Government has proved beyond a reasonable doubt that Defendant is guilty of the crimes charged. The Defendant is not on trial for any act, conduct, or offense not alleged in the Indictment. Neither are you called on to return a verdict as to the guilt of any other person or persons not on trial as a Defendant in this case, except as you are otherwise instructed.

## CAUTION—PUNISHMENT

If Defendant is found guilty, it will be my duty to decide what the punishment will be. You should not be concerned with punishment in any way. It should not enter your consideration or discussion.

## SUMMARIES AND CHARTS NOT RECEIVED IN EVIDENCE

Certain charts and summaries have been shown to you solely as an aid to help explain the facts disclosed by evidence (*testimony*, *books*, *records*, *and other documents*) in the case. These charts and summaries are not admitted evidence or proof of any facts. You should determine the facts from the evidence that has been admitted.

## SUMMARIES AND CHARTS RECEIVED IN EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 1006

Certain charts and summaries of other records have been received into evidence. They should be considered like any other evidence in the case. You should give them only such weight as you think they deserve.

The charts and summaries include inferences or conclusions drawn from the records underlying them.  It is up to you to determine if these inferences or conclusions are accurate.

The underlying records are the best evidence of what occurred.

## SUMMARY WITNESS TESTIMONY AND CHARTS BASED ON OTHER EVIDENCE

Summary testimony by a witness and charts or summaries prepared or relied upon by the witness have been received into evidence for the purpose of explaining facts disclosed by testimony and exhibits which are also in evidence in this case. If you find that such summary testimony and charts correctly reflect the other evidence in the case, you may rely upon them. But if and to the extent that you find they are not in truth summaries of the evidence in the case, you are to disregard them. The best evidence of what occurred are the underlying records themselves

## STIPULATIONS OF FACT

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court. The parties stipulate to the following:

(1) During the course of the alleged conspiracy, the claims submitted to Blue Cross Blue Shield were transmitted by way of wire, radio, or television communications, in interstate commerce, for the purpose of executing such alleged conspiracy; and

(2) The claims submitted to Blue Cross Blue Shield constitute a writing, sign, signal, picture, or sound.

(3) Venue is proper in the Eastern District of Texas.

## CONSPIRACY TO COMMIT WIRE FRAUD (COUNT ONE)
### 18 U.S.C. § 1349

Title 18, United States Code, Section 1349, makes it a crime for two or more persons to conspire to commit wire fraud.

The Defendant is charged in Count One of the Indictment with the offense of conspiracy to commit wire fraud in violation of Title 18, United States Code, Section 1349.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member of the conspiracy becomes the agent of every other member.

For you to find Defendant guilty of this crime, you must be convinced that the Government has proved each of the following three elements beyond a reasonable doubt:

*__First__*: That the Defendant and at least one other person made an agreement to commit the crime of wire fraud, the elements of which are described below;

*__Second__*: That the Defendant knew the unlawful purpose of the agreement; and

*__Third__*: That the Defendant joined in the agreement willfully, that is, with the intent to further the unlawful purpose.

A person commits the crime of wire fraud when:

*First*: The person knowingly devised or intended to devise any scheme to defraud;

*Second*: The scheme to defraud employed false material representations, pretenses, or promises;

*Third*: The person transmitted or caused to be transmitted by way of wire, radio, or television communications, in interstate or foreign commerce, any writing, sign, signal, picture, or sound for the purpose of executing such scheme; and

*Fourth*: That the person acted with a specific intent to defraud.

To show that a Defendant conspired to commit wire fraud, the Government need not prove that he in fact committed the object offense of wire fraud.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all other alleged conspirators. If a Defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the Defendant had not participated before and even though the Defendant played only a minor part.

The Government need not prove an overt act in furtherance of the conspiracy.

The Government need not prove that the alleged conspirators entered into any formal agreement nor that they directly stated between themselves all the details of the scheme. Similarly, the Government need not prove that all of the details of the scheme alleged in the Indictment were actually agreed upon or carried out. Nor must it prove that all of the persons

alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

In your consideration of the conspiracy offense as alleged in the Indictment, you should first determine, from all of the testimony and evidence in the case, whether or not the conspiracy existed as charged. If you conclude that a conspiracy did exist as alleged, you should next determine whether or not the defendant willfully became a member of such conspiracy.

In determining whether a defendant was a member of an alleged conspiracy, however, the jury should consider only the evidence, if any, pertaining to that defendant's own acts and statements. A defendant is not responsible for the acts or declarations of other alleged participants until it is established beyond a reasonable doubt, first, that a conspiracy existed, and second, from evidence of that defendant's own acts and statements that the defendant was one of its members.

On the other hand, if and when it does appear beyond a reasonable doubt from the evidence in the case that a conspiracy did exist as charged, and that the defendant was one of

12

its members, then the statements and acts knowingly made and done during such conspiracy and in furtherance of its objects, by any other proven member of the conspiracy, may be considered by the jury as evidence against the defendant, even though he was not present to hear the statement made or see the act done.

This is true because, as stated earlier, a conspiracy is a kind of partnership so that under the law each member is an agent or partner of every other member, and each member is bound by or responsible for the acts and the statements of every other member made in pursuit of their unlawful scheme.

### "KNOWINGLY"—TO ACT

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

### "WILLFULY"—TO ACT

The word "willfully," as that term has been used from time to time in these instructions, mean that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law.

### GOOD FAITH

While the term "good faith" has no precise definition, it encompasses, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to avoid taking unfair advantage of another.

If you find that a defendant acted in good faith, then he lacked the willfulness required to prove the offense of conspiracy to commit wire fraud charged in Count One of the Indictment. A defendant does not have to prove his good faith. Rather, the government must prove beyond a reasonable doubt that the defendant acted willfully as charged in Count One of the Indictment. A defendant does not act in good faith if he knowingly made false or fraudulent representations or promises or otherwise acted with the intent to defraud or deceive another in connection with the wire fraud statute as charged in Count One of the Indictment.

## DELIBERATE IGNORANCE

You may find that a Defendant had knowledge of a fact if you find that the Defendant deliberately closed his eyes to what would otherwise have been obvious to him. While knowledge on the part of the Defendant cannot be established merely by demonstrating that the Defendant was negligent, careless, or foolish, knowledge can be inferred if the Defendant deliberately blinded himself to the existence of a fact. However, the Government retains its burden to show, beyond a reasonable doubt, that the knowledge elements of the crimes have been satisfied.

## MATERIALITY

As used in these instructions, a representation, statement, pretense, or promise is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to which it is addressed. The Government can prove materiality in either of two ways. First, a representation, statement, pretense, or promise is "material" if a reasonable person would attached importance to its existence or nonexistence in determining

14

his choice of action in the transaction in question. Second, a statement could be material, even though only an unreasonable person would rely on it, if the person who made the statement knew or had reason to know his victim was likely to rely on it.

In determining materiality, you should consider that naivety, carelessness, negligence, or stupidity of a victim does not excuse criminal conduct, if any, on the part of the Defendant.

## CHARACTER EVIDENCE

Where a defendant has offered evidence of good general reputation for truth and veracity, honesty and integrity, or character as a law-abiding citizen, you should consider such evidence along with all the other evidence in the case. Evidence of a defendant's character, inconsistent with those traits of character ordinarily involved in the commission of the crime charged, may give rise to a reasonable doubt, since you may think it improbable that a person of good character with respect to those traits would commit such a crime.

## DUTY TO DELIBERATE

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous as to Count One of the Indictment.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. In particular, do not let racial, ethnic, national origin, or other bias influence your

decision in any way. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. Your duty is to decide whether the Government has proved the Defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A verdict form has been prepared for your convenience.

The foreperson will write the unanimous answer of the jury in the space provided for count onr of the Indictment, either "guilty" or "not guilty." At the conclusion of your deliberations, the foreperson should date and sign the verdict with his or her initials.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, BlackBerry, or computer; the Internet, any Internet service, or any text or instant messaging service; or any Internet chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube, or Twitter to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security officer. I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on count one of the Indictment, until after you have reached a unanimous verdict.

**SIGNED this 20th day of August, 2024.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE